## HENRIETTA WILLIAMSON *v.* THE STATE.

1. ACCUSED AS WITNESS.   *Generally.*

    If the person on whom or against whose property the offence was committed is introduced as a witness by the State and testifies to other things besides admissions or confessions, the accused has the right, under Code 1880, § 1603, to testify in his own behalf generally as a witness.

2. SAME.   *Confessions and admissions.*

    When any one testifies to admissions or confessions of the accused, he has the right, under this statute, to testify as to such admissions or confessions, but this right is not enlarged into the right to testify generally by the fact that the State's witness is the person against whom or whose property the offence was committed.

APPEAL from the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

A special bill of exceptions, signed during the progress of the trial, which resulted in the conviction of the appellant for larceny, states that the owner of the money, alleged to have been stolen, was sworn as a witness, and, among other things, testified to a confession of the defendant immediately after the theft, and while she had possession of the money, and that she was subsequently offered as a witness in her own behalf, when the court permitted her to testify as to the confession, but refused to allow her to give any further testimony.

*Slack & Longstreet,* for the appellant.

Under Code 1880, § 1603, the accused, after the owner of the property had testified to the confession and to "other things," was a competent witness in her own behalf as to the facts and circumstances of the alleged larceny. Larceny is an offence against private property, within the purview of this statute.   4 Black. Com. c. 17.

*T. C. Catchings,* Attorney General, for the State.

The first clause of Code 1880, § 1603, permits the accused to give his version of the affair whenever the prosecutor gives his, but not when he testifies to other matters ; and the second clause allows the accused to deny or explain his confessions in evidence ; but when, as in this case, the owner of the property

testifies to confessions, and to nothing else, shown by the bill of exceptions, the accused is confined within the same bounds.

CAMPBELL, J., delivered the opinion of the court.

The first part of § 1603 of the Code of 1880 secures to the accused the right to be heard as a witness for himself in answer to the testimony of the person on or against whom or whose property the offence is alleged to have been committed ; and the second part of the section has reference to admissions or confessions of the accused by whomsoever testified to, and, as to them, limits the right of the accused to testify without regard to the person who testifies to them. The right of the accused to testify as to admissions or confessions is not enlarged beyond the limitation of the second part of the section by the fact that the person on or against whose property the offence was committed testifies to them. If such person is introduced as a witness by the State to testify to facts other than admissions or confessions of the accused, to establish his guilt, he has the right to testify as a witness in his own behalf without the restriction of the latter part of the section. It appears from the bill of exceptions in this case that the person whose money was stolen was introduced as a witness by the State, and testified to confessions of the accused, "among other things," as to which "other things" we are not advised, but as it thus appears that the person whose property was the subject of the alleged offence was introduced as a witness by the State, and testified to other things besides admissions or confessions of the accused, she was improperly denied the right to testify in her own behalf generally as a witness.

*Reversed and remanded.*